```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 2/15/2022
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
DOUGLAS McCALLUM,

                       Plaintiff,

        - against -

NYCPD,

                       Defendant.
-------------------------------------------------------------X

22-CV-0081 (PAE) (RWL)

**ORDER OF SERVICE**

**ROBERT W. LEHRBURGER, United States Magistrate Judge.**

**Revised Case Caption**

      Plaintiff has named the NYCPD – presumably the New York City Police Department – as defendant. The NYCPD, however, is not an entity that can be sued. *Jenkins v. City Of New York*, 478 F.3d 76, 93 (2d Cir. 2007). In light of Plaintiff's pro se status, the Court construes the Complaint as asserting claims against the City of New York ("City") and respectfully directs the Clerk of Court to amend the caption of this action to (1) replace the NYCPD with the City, and, for reasons discussed below, (2) add "John Doe Officer" as a defendant.

**Service Of Process**

      To allow Plaintiff, proceeding pro se, to effect service on Defendant City through the U.S. Marshals Service, the Clerk of Court is instructed to complete a U.S. Marshals Service Process receipt and Return Form (USM-285 form) for the Defendant at the address listed:

      The City of New York
      New York City Law Department
      100 Church Street
      New York, NY 10007

1

The Clerk of Court is further instructed to issue a summons and deliver to the Marshals Service all of the paperwork necessary for the Marshals Service to effect service upon the Defendant.

**Valentin Order**

Plaintiff's complaint names only the NYCPD as a Defendant and does not name any individual defendants or John Doe defendants. Under *Valentin v. Dinkins*, a pro se litigant is entitled to assistance from the district court in identifying John Doe defendants. 121 F.3d 72, 76 (2d Cir. 1997). The complaint alleges that an unidentified member of the NYCPD falsely arrested and assaulted Plaintiff on December 15, 2019. The complaint provides information regarding Plaintiff's complaint filed with the New York City Civilian Complaint Review Board. The complaint thus appears to supply sufficient information for the City to identify the unidentified police officer.

Accordingly, the Court orders the New York City Law Department to ascertain the identity of the unknown police officer and file its finding on the docket by **March 4, 2022**

**Plaintiff's Responsibilities**

It is Plaintiff's responsibility to ensure that service is made within 90 days of the date the summons is issued and, if necessary, to request an extension of time for service. *See Meilleur v. Strong*, 682 F.3d 56, 63 (2d Cir. 2012). Plaintiff also must notify the Court in writing if his address changes; the Court may dismiss the action if Plaintiff fails to do so.

SO ORDERED

_____
ROBERT W. LEHRBURGER
UNITED STATES MAGISTRATE JUDGE

Dated: February 15, 2022
      New York, New York

Copies transmitted this date to all counsel of record.  The Clerk of Court is respectfully requested to mail a copy of this order to the pro se Plaintiff and note service on the docket:

Douglas McCallum
60 Clark Avenue
Apt. B
Staten Island, NY 10430