


7/25/2022

| | | |
|---|---|---|
| **HON. SYLVIA O. HINDS-RADIX**<br>*Corporation Counsel* | **THE CITY OF NEW YORK**<br>**LAW DEPARTMENT**<br>100 CHURCH STREET<br>NEW YORK, NEW YORK 10007 | **FELIX DE JESUS**<br>*Assistant Corporation Counsel*<br>felixdej@law.nyc.gov<br>Phone: (212) 356-2377<br>Fax: (212) 356-1148 |

July 25, 2022

<u>VIA ECF</u>
Honorable Robert W. Lehrburger
United States Magistrate District Judge
Southern District of New York
500 Pearl Street
New York, N.Y. 10007

     Re: <u>Douglas McCallum v. City of New York et. al.,</u> 22 Civ. 81 (PAE) (RWL)

Your Honor:

     I am an Assistant Corporation Counsel in the Office of Honorable Sylvia O. Hinds-Radix, Corporation Counsel of the City of New York, representing Defendant City of New York ("City") in the above-referenced action. Defendant City writes to respectfully request that this Court issue an Order compelling Plaintiff to execute a Designation of Agent for Access to Sealed Records pursuant to NYCPL 160.50 and 160.55 ("§ 160.50 release") and to allow Defendant City thirty days from receipt of a properly executed release to answer or otherwise respond to the Complaint. Defendant City made two previous requests for an enlargement of time to answer or otherwise respond to the Complaint, both of which were granted.

     By way of background, Plaintiff initiated this action on January 4, 2022, by filing the Complaint against the "NYCPD" – presumably the New York City Police Department. (<u>See</u> Dkt. No. 2, 7.) In the Complaint, Plaintiff alleges claims for false arrest and excessive force. Although the Complaint alleges that the alleged arrest occurred on December 15, 2019, upon further investigation, it was discovered that the actual date of occurrence is November 15, 2019.

     By Order dated February 15, 2022, the Court construed the Complaint as asserting claims against City, given that the New York City Police Department is not an entity that can be sued, and instructed the Clerk to complete a U.S. Marshals Service Process receipt and return form in order to effect service on the City. (<u>See</u> Dkt. No. 7.) The Court further ordered the City to "ascertain the identity of the unknown police officer and file its finding on the docket by March 4, 2022." <u>Id.</u> On February 16, 2022, an electronic summons was issued for the City. (<u>See</u> Dkt. No. 8.) The City, however, was not served with a copy of the summons and Complaint until April 7, 2022. On April 26, 2022, the City filed its first request for an extension of time to respond to the Complaint and the Court's *Valentin* Order. (<u>See</u> Dkt. No. 12.) On April 27, 2022, Your Honor granted the City's first request, thereby making City's answer and *Valentin* response due by June 27, 2022. (<u>See</u> Dkt. No. 13.) On June 27, 2022, the City filed a second request for an extension of time to respond to the Complaint and, in that second extension request, responded to the *Valentin* Order. (<u>See</u> Dkt.

No. 15.) On June 28, 2022, Your Honor granted the City's second request, thereby making City's answer due by July 27, 2022. (See Dkt. No. 16.)

Based on the allegations in the complaint, specifically that Plaintiff was falsely arrested, any underlying prosecution documents have likely been sealed pursuant to the New York Criminal Procedure Law § 160.50. As such, on or about April 25, 2022, a § 160.50 release was sent to Plaintiff at the address listed for him on the civil docket sheet. Subsequently, this Office received an improperly executed § 160.50 release, dated May 7, 2022, signed by Plaintiff. On June 28, 2022, I was assigned this case. On or about July 7, 2022, upon reviewing the file and realizing that the previously provided release was deficient, I mailed another § 160.50 release to Plaintiff. Thereafter, on or about July 13, 2022, I spoke with Plaintiff over the phone, explained that this Office required a properly executed § 160.50 release, and explained the issues with the § 160.50 release dated May 7, 2022, i.e., the case number of this federal lawsuit and another number were entered instead of the docket number or indictment number for the underlying criminal action. On July 14, 2022, I e-mailed yet another § 160.50 release to Plaintiff.[1]

The relief requested herein will give the City an opportunity to obtain the properly executed § 160.50 release from Plaintiff, gather the relevant documents, such as the criminal court file and the district attorney's file, and further investigate this matter. Indeed, without the properly executed release, defendant will not be in a meaningful position to proceed with discovery.

For the foregoing reasons, it is respectfully requested that this Court issue an Order compelling Plaintiff to sign a § 160.50 release and to allow Defendant City thirty days from receipt of a properly executed § 160.50 release from Plaintiff for Defendant City to answer or otherwise respond to the Complaint.

Thank you for your consideration.

Respectfully submitted,

*Felix De Jesus*

Felix De Jesus
Assistant Corporation Counsel
Special Federal Litigation Division

Encl.

cc: **VIA ECF**
Douglas McCallum
*Pro Se*

A motion to compel is premature given that Defendants' letter indicates that Plaintiff is cooperating to provide a properly executed release. If Defendants do not receive the properly executed release by August 1, 2022, they shall so notify the Court, at which point the Court will consider the motion to compel renewed. Defendants' request that its time to answer or otherwise respond to the complaint be extended to 30 days after receiving the properly executed release is GRANTED.

SO ORDERED:

7/25/2022

HON. ROBERT W. LEHRBURGER
UNITED STATES MAGISTRATE JUDGE

---

[1] On or about July 13, 2022, Plaintiff asked me to e-mail him a § 160.50 release.